HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **FALCON ENTERPRISES, INC.**, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> **CENTURION LTD.**, *et al.*, <br><br> Defendants. | **Case No.:  CV 07-0065 RSL** <br><br> PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA, INC. AND GEORGE DUANE DRANICHAK <br><br> NOTED ON MOTION CALENDAR: JUNE 1, 2007 |

COME NOW the Plaintiffs Falcon Enterprises, Inc. and Falcon Foto, LLC (collectively "Falcon"), by and through their counsel of record, and hereby submit their Response in Opposition to Motion to Set Aside Default of Defendants Bizmedia, Inc. and George Duane Dranichak and state as follows:

## I.  INTRODUCTION

Defendants Bizmedia, Inc. ("BizMedia") and George Duane Dranichak ("Dranichak")(collectively "Moving Defendants") have filed their Motion to Set Aside Default of Defendants of Defendants BizMedia, Inc. and George Duane Dranichak (the "Motion") pleading that they have "meritorious defenses" against Plaintiffs' claims, that Plaintiffs will not be prejudiced by vacating the Defaults, and that they did not engage in "culpable conduct."  In

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 1

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1   doing so, the Moving Defendants assert that they "were unable to secure representation and

2   defend the action within the twenty (20) day period prescribed by Fed. R. Civ. P. 12(a)(1)(A).

3   Motion at 1:28 - 2:2.  Moving Defendants further state that they "have now appeared in the

4   action through their undersigned counsel and are prepared to file a Motion to Dismiss…" *Id.* at

5   2:2-4.[1]

### II.  FACTS

7       Under the guise of "facts," Moving Defendants apparently attempt to lay the ground-

8   work for their arguments to dismiss pursuant to Fed. R. Civ. P. 12.  In doing so, the Moving

9   Defendants intentionally misstates Falcon's First Amended Complaint ("FAC") wherein the

10  Moving Defendants aver that "Falcon admits that it issued a license to Bizmedia, Inc.

11  *authorizing the use of some of the images at issue in this case.*"  Motion at 3:4-5 (emphasis

12  added).  In doing so, Moving Defendants refer this Honorable Court to paragraph 14 of the FAC.

13  In fact, what paragraph 14 of the FAC states, in relevant part, is, "A license authorizing the use

14  of some of Falcon's images was issued to Bizmedia, Inc. on September 29, 2002.  *None of the*

15  *Web sites for which license was issued are the Web sites that are the subject of this lawsuit.*"

16  This is but the first of the Moving Defendants misstatements of material facts and law and

17  omissions of material facts and law that are offered to this Honorable Court in the Motion.

18      Moving Defendants further aver that "Mr. Dranichak is an individual residing in Ontario,

19  Canada and was an independent sales agent of Defendant Centurion."  Motion at 3:2-3.  What

20  the Moving Defendants omit from their pleading is that Mr. Dranichak was served in his

21  individual capacity *and* also served as an officer and director of Defendant Uncaged Marketing,

22  Inc. *at the very same moment.  See* Dkt. #s 19-20.  What Moving Defendants utterly fail to

23  explain is how Defendant Uncaged Marketing was able to obtain representation in such a timely

24  _____

25  [1] Plaintiff observes with no insignificant degree of incredulity that the Moving Defendants' "undersigned counsel"
    are **the very same counsel** that represent Defendant Centurion, Ltd., who opposed Plaintiffs' Motion for Entry of
26  Default (Dkt. # 30) and who this Honorable Court held had no standing to oppose Plaintiff Falcon's Motion for
    Entry of Default Against the Moving Defendants. Dkt. #s 34-35.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 2

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    manner that permitted it to avoid an Entry of Default, yet somehow couldn't obtain personal

2    representation at the same time.

### III.  ARGUMENT AND AUTHORITY

4    Moving Defendants argue that "Vacating default orders is favored by the Ninth Circuit

5    Court of Appeals," and that "Courts in the Ninth Circuit look to three factors in determining

6    whether 'good cause' under Fed. R. Civ. P. 55(c) is satisfied.  Those factors are:

7          (i)     whether the defendant has a meritorious defense;
      (ii)    whether reopening the default would prejudice the plaintiff; ***and***

8          (iii)   whether the defendant's culpable conduct les to the default."

9    (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) and *Alan Neuman Prods., Inc. v.*

10   *Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).  However, Moving Defendants do not reveal that

11   a court need not consider the "meritorious defense" or "prejudice" prongs of the test if culpable

12   conduct is shown. Conduct is culpable if the defendant has received *actual or constructive notice*

13   *of the filing of the action* and fails to answer. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d

14   1388, 1392 (9th Cir. 1988) (citations omitted), *cert. denied*, 493 U.S. 858,   107 L. Ed. 2d 124,

15   110 S. Ct. 168 (1989).

16   In fact, Moving Defendants materially misstate the standard set forth by the Ninth

17   Circuit.  "A court has discretion to deny a motion to vacate a default judgment under Rule 60(b)

18   if: (1) the plaintiff would be prejudiced by setting aside the judgment; (2) the defendant has no

19   meritorious defense; ***or*** (3) the defendant's culpable conduct caused the default." See *Hammer v.*

20   *Drago*, 940 F.2d 524, 525-26 (9th Cir. 1991)(emphasis added). Any single factor is sufficient to

21   justify a court's denial of the Rule 60(b) motion. *See id.* at 526.  The same general grounds for

22   relief apply to both Rule 55(c) and Rule 60(b) motions. See *Hawaii Carpenters' Trust Funds v.*

23   *Stone*, 794 F.2d 508, 513 (9th Cir. 1986).   If a default judgment is entered as the result of a

24   defendant's culpable conduct, this Honorable Court need not consider whether a meritorious

25   defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set

26   aside. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam); *Benny v. Pipes*, 799 F.2d

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 3

1  489, 494 (9th Cir. 1986); *Bluegrass Bit Co. v. Minelli*, 1991 U.S. App. LEXIS 14805 (9th Cir.

2  1991)("A party's conduct is culpable if it "has received actual or constructive notice of the filing

3  of the action and failed to answer."); *Chums, Ltd. v. Always In Mind*, 1997 U.S. App. LEXIS

4  5525 (9th Cir. 1997)("This three-part analysis is a disjunctive one; a finding of one of the three

5  factors can be sufficient to justify a district court's denial of a motion to vacate a default

6  judgment. Id. (citing *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988))); *Meadows v.*

7  *Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (holding conduct is culpable if defendant

8  receives actual or constructive notice of the filing of the action but fails to answer); *Pacific Int'l*

9  *Airlines v. Caprel Enters.*, 1998 U.S. App. LEXIS 20662, 2-3 (9th Cir. 1998)(not an abuse of

10  discretion to deny motion to set aside the default judgment and the motion for reconsideration

11  because it was undisputed that defendant received actual notice of Plaintiff's filing of the action,

12  and failed to answer the complaint).

13       In the instant case, the Moving Defendants mislead this Honorable Court by pleading that

14  the three factors to be considered in a motion to vacate a default must be read in the conjunctive.

15  However, as the Plaintiffs have shown, and as the Ninth Circuit has held, these factors must be

16  read in the disjunctive.  Plaintiff Falcon need not prove that the Moving Defendants do not have

17  a meritorious defense.  Neither must Falcon prove that they will be prejudiced by a vacation of

18  the entries of default.  The Moving Defendants received actual notice of the filing of the First

19  Amended Complaint and failed to answer.[2]  Simply because the Moving Defendants are located

20  outside of the United States and allege to have "no relationship with the State of Washington"

21  does not, as they contend, provide a "credible reason for why they did not timely file a

22  responsive pleading."  Motion at 8:11-13.  Mr. Dranichak was served with the initial Complaint

23  on January 17, 2007, and was served with the First Amended Complaint on April 3, 2007.

24  _____

25  [2] Moving Defendants go to great lengths in their Motion to lay an initial foundation of facts and argument that
curiously mimic the averred facts and argument found in Defendant Centurion's Motion to Dismiss. *See* Motion pp.
5-7.  However, Moving Defendants' arguments are of no moment and, notwithstanding the protestations of the

26  Butler in *The Hunting of the Snark*, saying a thing three times does not necessarily make it true.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 4

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1  Moreover, as the pleadings in this case clearly reveal, Uncaged Marketing (a foreign defendant

2  of which Mr. Dranichak is both an officer and director, and upon whom service was effected by

3  serving Mr. Dranichak in that capacity) was able to obtain representation in a timely fashion.

4  For Mr. Dranichak to now contend that he was unable to obtain representation by the very

5  counsel who attempted to oppose Plaintiffs' Motion for Entry of Default flies in the face of

6  common sense.

7      Defendant BizMedia similarly was served on April 3, 2007 and in the very same office,

8  and to the very same individual who was served with the First Amended Complaint naming

9  Defendant Centurion, Ltd. (curiously, in the very same building and on the very same floor as

10  Defendants Uncaged Marketing and Dranichak).

11  ### IV.  CONCLUSION

12      Moving Defendants have attempted to mislead this Honorable Court by misstatements of

13  material fact and egregious misstatements of the law.  The Moving Defendants represent that

14  they have license for the images that are at issue in this case, yet which is unequivocally disputed

15  by the plain-language of the First Amended Complaint.  The Moving Defendants omit the fact

16  that Mr. Dranichak is both and officer and director of Defendant Uncaged Marketing, Inc. and

17  misdirect this Honorable Court into believing that he is only an "independent sales agent of

18  Centurion" (who is not a party to this Motion).  The Moving Defendants misstate the standard set

19  forth by the Ninth Circuit by combining the three prongs of consideration required of the Court

20  in considering a motion to vacate pursuant to Fed. R. Civ. P. 55(c) by stating them in the

21  *conjunctive*, while the weight of the Ninth Circuit decisions on the question unambiguously state

22  that the prongs are to be considered in the *disjunctive.*  The Moving Defendants further fail to

23  reveal in candor to this tribunal that a failure to respond to a complaint where actual (or even

24  constructive) notice is given to a defendant of the pendency of a lawsuit constitutes the third

25  prong of the test (culpable conduct) and that culpable conduct of this nature is *the only* test that

26  this Honorable Court need to consider in denying the Moving Defendants Motion.

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 5

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

1    The Moving Defendants were provided actual notice of the pendency of this lawsuit, yet

2  they utterly failed to respond in the time set forth in the Federal Rules of Civil Procedure

3  compelling the filing of a responsive pleading.

4    The Moving Defendants incompletely state, and thereby mislead this tribunal, in the

5  holdings in *Falk v. Allen* and *Alan Neuman Prods., Inc. v. Albright*, the very cases they set forth

6  as authority for their argument.

7    For all these reasons, Defendants Bizmedia, Inc.'s and George Duane Dranichak's

8  Motion to Set Aside Default must be denied.

9    DATED this 28th day of May 2007.

10                                     Respectfully submitted,

11                                     CARPELAW PLLC

12                                      s/ *Robert S. Apgood*
                                       Robert S. Apgood, WSBA #31023
13                                     Attorney for Plaintiffs
                                       CARPELAW PLLC
14                                     2400 NW 80th Street #130
15                                     Seattle, WA 98117-4449
                                       Telephone: (206) 624-2379
16                                     Facsimile: (206) 784-6305
                                       Email: rob@carpelaw.com
17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 6

CARPELAW PLLC
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)

**CERTIFICATE OF SERVICE**

I, Spencer D. Freeman, do hereby certify that on the 29th day of May 2007, I caused true and correct copies of the following:

1. Plaintiff's Response In Opposition to Motion to Set Aside Default of Defendants Bizmedia, Inc. and George Duane Dranichak; and

2. this Certificate of Service

to be served on:

Derek A. Newman, Roger M. Townsend. Newman & Newman. 505 Fifth Ave. S.  Ste. 610. Seattle, WA 98104

And

Venkat Balasubramani, Balasubramani Law, 8426 40th Ave SW, Seattle, WA 98136,

by filing a copy of the same with the Clerk of the Court using the court's CM-ECF system.  By the terms of their agreement and the rules of the court, they will be served with a copy of the same via the CM-ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Seattle, Washington,

DATED this 28th day of May 2007.

**FREEMAN LAW FIRM, INC.**

By:_s/ Spencer D. Freeman_____
Spencer Freeman
WSBA No. 25069
FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
Telephone: 253-383-4500
Facsimile: 253-383-4501
sfreeman@freemanlawfirm.org
Attorney for Plaintiffs Falcon Enterprises, Inc.
And Falcon, Foto, LLC

PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION
TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA,
INC. AND GEORGE DUANE DRANICHAK - 7

**CARPELAW PLLC**
2400 NW 80th Street #130
Seattle, Washington 98117
(206) 624-2379 - (206) 784-6305 (fax)