HON. ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FALCON ENTERPRISES, INC., a California corporation; and FALCON FOTO, LLC, a California company,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTURION LTD., a foreign corporation d/b/a PORN PROFIT; UNCAGED MARKETING, INC., an Ontario Canada corporation d/b/a GUERILLA TRAFFIC; BIZMEDIA, INC., a foreign corporation; and GEORGE DUANE DRANICHAK, an individual, and JOHN DOES 1-10,<br><br>Defendants. | Case No.:  CV 07-0065 RSL<br><br>PLAINTIFF'S RESPONSE IN OPPOSTION TO DEFENDANTS' MOTION TO STAY DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>June 1, 2007 |

COMES NOW Plaintiffs Falcon Enterprises, Inc. and Falcon Foto, LLC (collectively "Falcon") and file this Response in Opposition to Defendant Centurion Ltd.'s ("Centurion") Motion to Stay Discovery, dated May 17, 2007 ("Motion to Stay") (Dkt. 46) and supporting Declaration of Roger M. Townsend, dated May 17, 2007 ("Townsend Dec.") (Dkt. 47).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 1

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

# I. OVERVIEW

The factual and procedural history underlying this matter are more fully set forth in Plaintiffs' Response to Defendant Centurion Ltd's ("Centurion") Motion to Dismiss, filed March 26, 2007 (Dkt. 12), and are incorporated by reference herein for the purposes of this Response because Defendant Centurion's Motion to Dismiss (Dkt. 8) and Motion to Stay Discovery (Dkt. 46), are intertwined.[1] Also incorporated by reference are Plaintiffs' submissions filed contemporaneously with this opposition recently ordered by this Court on the issue of personal jurisdiction.

This case arises from the Defendants' blatant and open theft, via the World Wide Web (or "Internet"), of Plaintiffs' property in the form of digital images. Defendant Centurion's Motions (Dkts. 8 and 46) are nothing more than attempts to avoid penalty for these thefts by seeking sanctuary outside the United States while continuing to derive income and ill gotten gains from unauthorized and unlicensed sales of Plaintiffs' property inside the United States, including Washington. At no time do the Defendants deny they have derived such sales within the United States or Washington. At no time do the Defendants deny they advertise and market the sale of Plaintiffs' digital images to customers within the United States and Washington. In fact, the Defendants have not offered any credible explanation to this Court how they could technically restrict their Internet marketing so as to exclude U.S. or Washington residents from their marketing efforts. They simply seek to avoid liability for breaking United States' laws by preventing Plaintiffs from conducting limited discovery of facts that would clearly and undeniably support this Court's exercise of personal jurisdiction over those Defendants.

This Court should deny Defendant's Motion to Stay (Dkt. 46) and issue an Order allowing Plaintiffs limited discovery directed towards the issue of personal jurisdiction. This Court's refusal to allow same would substantially prejudice the Plaintiffs by denying them the ability to discover

---

[1] On May 23, 2007, Defendant Uncaged Market has joined in Centurion's Motion to Stay (*see* Dkt. 49 and supporting Declaration of Balasubramani at Dkt. 50).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 2

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

information that would affect the outcome of this Court's decision on Centurion's Motion to Dismiss (Dkt. 8).

## II.   THE MOTION TO STAY

Defendant Centurion argues in its Motion to Stay (Dkt. 46) that there is no personal jurisdiction over it and therefore no discovery is appropriate prior to this Court's disposition of its Motion to Dismiss because the case will likely be dismissed (Dkt. 8). (Motion to Stay, Dkt. 46, p. 2). Centurion is wrong. Centurion also states that it conferred with Plaintiffs' counsel about a stipulated stay but Plaintiffs refused. (*Id.* at pp. 2-3). Centurion, however, fails to inform this Court that it opposes even limited discovery solely related to the personal jurisdiction issue, which is Plaintiffs' only request at this time. Case law and the interests of justice militate in favor of such limited discovery. Centurion's interest in keeping the Plaintiffs and this Court in the dark about their contacts with the U.S. and Washington are not surprising. This Court should not countenance such gamesmanship, especially in light of the massive scale of the Defendants' thefts at issue and the certainty that the Defendants will continue to infringe on Plaintiffs' property rights, as they have done so, up to the Present.

## III.   STANDARD OF REVIEW

In denying a motion to stay discovery, Judge Stormes set forth the standard of review in *O'Neal v. NCO Finan. Sys., Inc.*, 2006 U.S. Dist. LEXIS 83505 at *4-5 (S.D. Cal. 2006):

> "Motions to stay discovery may be granted upon a showing of good cause by the moving party or where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed.R.Civ.P. 26(c)(4); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 285-86 (S.D.Cal. 2000).. A court has broad discretion to stay discovery pending decision on a potentially dispositive motion. *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). Generally, however, such motions are disfavored because discovery stays **[*5]** may interfere with judicial efficiency and cause unnecessary litigation in the future. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D.Fla. 1997). Therefore, before a stay can be issued, the moving party must meet the "heavy burden of making a 'strong showing' why discovery should be denied... [by showing] a particular or specific need for the stay, as opposed to

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY - 3

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

making stereotyped or conclusory statements." *Skellerup v. City of Los Angeles, 163 F.R.D. 598, 600 (C.D.Cal. 1995)*. The harm of staying discovery**,** for any period of time, should be balanced against the benefits of allowing it to proceed. *GTE,* 192 F.R.D. at 289."

While *O'Neal* involved the question of class action certification, not personal jurisdiction, it is generally instructive as to the "heavy burden" on the Defendants for showing "a particular and specific need for the stay, as opposed to making stereotyped or conclusory statements" as they have done in their Motion to Stay (Dkt. 46). This is especially true, where as here, the Plaintiffs only seek limited discovery for the purposes of determining personal jurisdiction over the Defendants, while the Defendants' motion to dismiss for lack of personal jurisdiction is pending.

## IV.     PLAINTIFF'S OPPOSITION

Plaintiffs do not seek to unduly burden or oppress the Defendants with general discovery as is conclusorily alleged by Centurion. (Motion to Stay, Dkt. 46, pp. 6-7). Plaintiffs, pending the Court's decision regarding personal jurisdiction, only seek information relating to personal jurisdiction which is uniquely and solely in the possession of the Defendants or their agents and business associates. The Ninth Circuit Court of Appeals in *Laub v. United States Dept. of Interior*, 342 F.3d 1080 (9th Cir. 2003), specifically addressed the issue of allowing discovery related to jurisdictional issues.

In *Laub*, Plaintiffs, farmers and a farm organization, sued defendant governmental agencies for judicial review of an environmental impact statement and review (EIS/EIR) pursuant to *5 U.S.C.S. § 702*. At the District Court level, the governmental State defendants asserted that their actions were not subject to a federal injunction because the District Court did not have subject matter jurisdiction. *Laub*, 342 F.3d at 1092. The Plaintiffs moved for discovery on the issue. The District Court denied the motion stating that the matter was submitted. *Laub*, 342 F.3d at 1093. Much like Centurion argues. (Motion to Stay, Dkt. 46 at p. 2). The Ninth Circuit reversed and remanded. Specifically, the Ninth Circuit instructed that:

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 4

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

"A district court is vested with broad discretion to permit or deny discovery, and a decision "to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002). Prejudice is established if there is a reasonable probability that the outcome would have been different had discovery been allowed. *Martel v. County of Los Angeles, 56 F.3d 993, 995 (9th Cir. 1995)* (en banc)."

The Ninth Circuit then found that public documents submitted by the Plaintiff farmers, though perhaps insufficient by themselves to carry the burden for jurisdiction, were sufficient to justify the conduct of limited jurisdictional discovery. *Laub*, 342 F.3d at 1093. The Ninth Circuit found that those documents created a "'reasonable probability' that the outcome of the factual motion to dismiss would be different. Therefore, Plaintiffs have established actual and substantial prejudice from being denied discovery." *Id.*

Here, Plaintiffs have submitted the Declarations of Jason Tucker (Dkt. 13) and Investigator Jeffrey Cully (Dkt. 14). These Declarations establish facts that justify limited jurisdictional discovery. Moreover, these facts are to be taken in a light most favorable to the Plaintiffs. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Mr. Cully shows that Centurion did establish a contractual relationship with Cully, as a resident of Washington, wherein Centurion was obligated to pay Cully for advertising referrals in the State Washington. (Declaration of Jeffrey L. Cully ["Cully Dec."], Dkt. 14, ¶¶ 4-8). This fact makes it clear that Centurion does in fact solicit business and seek advertisers within Washington. Further, that Centurion, and the other Defendants, have established other such relationships with Washington residents and will continue to do so.

Mr. Tucker's declaration establishes that Centurion engages in many transactions in the United States generally and Washington specifically, through its web sites and resident Affiliate promoters. (Declaration of Jason Tucker ["Tucker Dec."], Dkt. 13, ¶¶ 6-20). Moreover, that

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 5

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

Centurion, and the other Defendants with Web sites, broadcast their Web sites through the Internet to the United States generally and Washington specifically. (Tucker Dec., Dkt. 13, ¶¶ 6-9). Further, that the Plaintiffs' digital images were unlawfully displayed and viewed within the State of Washington. (Tucker Dec., Dkt. 13, ¶ 10). Mr., Tucker also testified that he has met with George Dranichak, the owner of some of the Defendants, including Centurion, at many adult industry conventions within the United States during the past 5 years. (Tucker Dec., Dkt. 13, ¶¶ 12-20).

These facts are sufficient to establish a firm basis for allowing jurisdictional discovery because it is reasonably probable that more facts will be elicited showing the extent of Centurion's contacts with the United States and Washington. These facts include the discovery of the extent of Defendants' revenues within Washington and the United States, generally; the number of affiliate webmasters within Washington and the United States who have contractual relationships with Centurion and the Defendants; how much and how many payments flow from Centurion to both jurisdictions; how much payments are received from both jurisdictions; the number of customers with subscriptions in Washington and the Untied States generally; and the type and amount of communications contact with affiliate webmasters and Defendants' customers within both jurisdictions. All of which would make a strong showing that Centurion and the other Defendants have much more than the minimum contacts required for this Court to exercise personal jurisdiction in this case.

In addressing this issue further, the Ninth Circuit in *Laub* continued:

"Furthermore, [HN19] "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more 342 F.3d 1080, *1092; 2003 U.S. App. LEXIS 18495, **31; 2003 Cal. Daily Op. Service 8177; 2003 Daily Journal DAR 10195 satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (citation omitted). Although a refusal to grant discovery to establish jurisdiction is not an abuse of discretion when "it is clear that further

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY  - 6

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

> discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," discovery should be granted when, as here, the jurisdictional facts are contested or more facts are needed. *See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977)* (holding that district court abused its discretion in refusing to grant discovery on jurisdictional issue); *see also Natural Res.Def. Council v. Pena, 331 U.S. App. D.C. 198, 147 F.3d 1012, 1024 (D.C. Cir. 1998)* (remanding to permit "jurisdictional discovery" when allegations indicated its likely utility); *Edmond v. United States Postal Serv. Gen. Counsel, 292 U.S. App. D.C. 240, 949 F.2d 415, 425 (D.C. Cir. 1992)* [**37] (finding abuse of discretion when district court denied jurisdictional discovery in light of allegations suggesting jurisdiction did exist)."

*Laub*, 342 F.3d at 1093.

At best, the Defendants have submitted Declarations from Derek A. Newman (Dkt. 9) and Dana Knowles (Dkt. 10), that may generally conflict with the Declarations of Mr. Tucker and Mr. Cully. *Laub* instructs that where "jurisdictional facts are contested" additional jurisdictional discovery is warranted. *Id.* Centurion's cited case law supports this conclusion.

Centurion points to the case of *Mvisible Techs., Inc. v. Mixxer, Inc.*, 2007 U.S. Dist. LEXIS 18308 (S.D. Fla. 2007) as "directly on point." (Motion to Stay, Dkt. 46, p. 5). This Florida case is only persuasive authority. However, like in *Laub*, the conclusion drawn by the Southern District of Florida compels the granting of jurisdictional discovery in this case. The District Court in *Mvisible Techs, Inc.* did, in fact, order limited jurisdictional discovery in response to *Mixxer's* motion to stay discovery.

In *Mvisible Techs, Inc.*, the District Court, like here, was faced with the Defendants' motions to dismiss for lack of personal jurisdiction and to stay discovery. *Mvisible Techs, Inc.*, 2007 U.S. Dist. LEXIS at *1. The case involved allegations of trademark infringement, trademark dilution, cybersquatting and unfair or deceptive trade practices under federal and state law. *Id.* at *2. The parties were competitors in the business of providing musical content for mobile phones. *Mvisible* was based in Florida and *Mixxer* was based in Seattle, Washington.

In support of its motion to dismiss for lack of personal jurisdiction, the Southern District described *Mixxer's* submissions, much like Centurion's, as follows:

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 7

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

> "In support of its motion to dismiss, Defendants have put forth the sworn affidavit of its Chief Executive Officer, John Dearborn [DE 13]. In that affidavit, Dearborn states that Mixxer has not had any physical [*3] presence of any kind in Florida, except that it leases one of its twenty-seven (27) computer servers in Florida. Affidavit of John Dearborn, § 28. Mixxer has no property, bank accounts, stores, investments, warehouses, employees, investors, or partners in Florida. Id., §§ Page 1 10-17. Mixxer does not solicit business via television or radio, nor purchase advertising space in any florida newspaper. Id., §§ 18-19. Mixxer does not solicit non-members by email or telephone in Florida. Id., § 21. Website traffic to Mixxer's website from Florida accounts for 6% of its total traffic in 2006. Id., § 25. Mixxer paid a total of $ 121 in 2006 in royalty payments to music publishers located in Florida, which represents 0.006% of its total royalty payments. Id., § 26. Mixxer's Terms of Use which govern these website transactions with persons in Florida contains a forum selection clause stating that the user consents to exclusive jurisdiction and venue in King County, Washington. Id., §§ 22-24; Exhibit 1 to Dearborn Affidavit [DE 13-2]. Other than a declaration confirming that a Florida resident can engage in transactions on Mixxer's website from Florida, Plaintiff has not [*4] put forth any further information, though it seeks discovery on the jurisdiction issue."

*Mvisible Techs, Inc.*, 2007 U.S. Dist. LEXIS at *3-4.

Despite *Mixxer's* attempts to prove lack of jurisdiction with Florida, the Southern District ultimately found that other facts were relevant to the jurisdictional question before it and thus, limited jurisdictional discovery was warranted. Specifically, the Southern District found that:

> "Defendants should have to reveal the total revenue they derive from Florida customers. This fact is relevant to the determination of whether Defendants have minimum contacts with Florida. A related fact which Defendants may reveal at their discretion is what percentage of their total revenue comes from Florida. While Defendants disclose that 6% of website visitors are from Florida, in line with the percentage of the general population of the United States from Florida, the amount of revenue derived from Florida is not necessarily also 6%. n4 In addition to Florida-derived revenue, Defendants must reveal whether and to what extent officers and/or employees have traveled to Florida for trade shows or [*9] other business functions, n5 how often Defendants communicate with their Florida members by any means, electronic or otherwise, and any contracts with Florida businesses (other than direct customers purchasing content or subscribing to the website service)."

*Mvisible Techs, Inc.*, 2007 U.S. Dist. LEXIS at *8-9.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 8

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

1. Like *Mvisible*, Centurion and the other Defendants do not deny they have affiliate webmasters in Washington and the U.S.; they do not deny they send payments to those affiliate webmasters within Washington and the U.S. generally; they do not deny they sell Web site subscriptions to residents within Washington and the U.S.; they do not deny the receive revenue from residents and affiliate webmasters within Washington and the U.S.; and do not deny that they communicate with Washington resident Web site members by any means, electronic or otherwise regarding Web site subscriptions, advertising through webmasters and the like. There is a reasonable probability that such inquiries would reveal the true extent of these contacts and likely affect the outcome of this Court's decision on personal jurisdiction.

Compare the difference in outcomes between a case involving defendant parties with interactive Web sites, like Centurion and the other Defendants, where those interactive Web sites encourage and engage in transactions and sales within the target jurisdiction and cases involving non-interactive Web sites. *Mvisible*, like this case, involved a case with interactive Web sites and jurisdictional discovery was ordered. Contrast that with a case involving a non-interactive Web site where jurisdictional discovery was denied.

The Ninth Circuit addressed just such a case in *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006). Plaintiff *Pebble Beach*, the famous golf course, sued *Caddy*, for intentional trademark dilution and infringement of its "Pebble Beach" mark. *Pebble Beach Co.*, 453 F.3d at 1154. The suit was primarily based upon *Caddy's* operation of a non-interactive informational only Web site accessible to residents in California, www.pebblebeach-uk.com. *Pebble Beach* is located in California and *Caddy* operates a Bed and Breakfast in Southern England. Not unlike the parties in this case, it involved resident and foreign corporations. *Caddy* filed a motion to dismiss for lack of personal jurisdiction and insufficiency of service. *Pebble Beach* opposed this motion and requested additional jurisdictional discovery. The District Court granted *Caddy's* motion to dismiss for lack of personal jurisdiction and *Pebble Beach* appealed. *Id.*

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY  - 9

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

1    In its opposition, *Pebble Beach* argued two bases for personal jurisdiction. First, that *Caddy* is subject to jurisdiction specifically within California and second, that *Caddy* is subject to jurisdiction in any forum in the United States. *Pebble Beach Co.*, 453 F.3d at 1154. The Ninth Circuit conducted a thorough review of personal jurisdiction law as it applied to the two parties and specifically included analysis involving Web site cases. *Pebble Beach Co.*, 453 F.3d at 1154-1160. During this analysis, the Ninth Circuit noted that there was no evidence that *Caddy* purposefully directed distribution or advertising within California. *Id.* at 1155-56. The Ninth Circuit also noted that the only facts alleged to support personal jurisdiction was *Caddy's* creation of its domain name www.pebblebeach-uk.com and establishment of its passive non-interactive Web site. *Id.* at 1157. These acts alone were not purposefully directed at California.

The Ninth Circuit then reviewed a series of cases, many involving Web sites, where it found personal jurisdiction based upon facts including other additional acts directed at the target forum: cybersquatting on a domain name to extort a plaintiff within the jurisdiction (*Panavision Int'l v. Toeppen*, 141 F.3d 1316 [9th Cir. 1998]); sending a letter addressed to the plaintiff in the target forum (*Metropolitan Life Insur. Co. v. Neaves*, 912 F.2d 1062 [9th Cir. 1990]) *see also Bancroft & Masters, Inc. v. Augusta National Inc.*, 223 F.3d 1082 [9th Cir. 2000])(domain name dispute). The Ninth Circuit wrapped up its analysis stating that:

> "These cases establish two salient points. First, there can be no doubt that we still require "something more" than just a foreseeable effect to conclude that personal jurisdiction is proper. *Bancroft,223 F.3d at 1087*. Second, an internet domain name and passive website alone are not "something more," and, therefore, alone are not enough to subject a party to jurisdiction. *Rio Properties, 284 F.3d at 1020*; *Panavision, 141 F.3d at 1322*."

*Pebble Beach Co.*, 453 F.3d at 1158.

After extensive treatment of personal jurisdiction law, the Ninth Circuit found that a domain name and passive Web site did not justify additional jurisdictional discovery because there were no facts or evidence giving rise to the possibility that *Pebble Beach* could discover any other acts by *Caddy* warranting exercise of personal jurisdiction. *Pebble Beach Co.*, 453 F.3d at 1160.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 10

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

1  Unlike *Pebble Beach*, Plaintiffs in this case have submitted the Tucker and Cully Declarations showing that Centurion and the other Defendants have in fact solicited affiliate webmasters in Washington and the United States; have engaged in contractual relationships with those persons requiring payment to Washington resident affiliate webmasters for their advertising activities within Washington and elsewhere; have sold subscriptions to Washington residents and collected money from same; have directed purposeful communications, of any type, to Washington resident Web site members; and that additional jurisdictional discovery is likely to generate more such facts upon which this Court would assuredly base personal jurisdiction.  Additional facts that would be discovered bearing on personal jurisdiction include: the extent of the Defendants' customer base within Washington and the U.S. (without revealing customer personal information); the extent of the sales revenue derived from residents of Washington and the U.S.; the number of Washington-based resident affiliate webmasters; the amount of total payments to said webmasters; the amount of communications of any type between Centurion and its webmasters and Washington resident customers; the type and amount of travel to Washington and the U.S. by Centurion personnel, employees and owners for tradeshows and the like, and more.

Centurion and the other Defendants are far more active in the targeted forums than *Caddy* in the *Pebble Beach Co.* case.  Consequently, this Court should rightly conclude that additional discovery is warranted.

////
///
//
/

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 11

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

## V. CONCLUSION

Plaintiffs have established sufficient facts and allegations, taken in a light most favorable to them, to justify additional jurisdictional discovery.

RESPECTFULLY SUBMITTED this 28th day of May, 2007.

FREEMAN LAW FIRM, INC.


By:_s/ Spencer D. Freeman_____
Spencer Freeman
WSBA No. 25069
FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
Telephone: 253-383-4500
Facsimile: 253-383-4501
sfreeman@freemanlawfirm.org
Attorney for Plaintiffs Falcon Enterprises, Inc.
And Falcon, Foto, LLC

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 12

**FREEMAN LAW FIRM, INC.**
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)

# CERTIFICATE OF SERVICE

I, Spencer D. Freeman, do hereby certify that on the 28th day of May 2007, I caused true and correct copies of the following:

1. Plaintiff's Response to Defendants' Motion to Stay Discovery; and
2. this Certificate of Service

to be served on:

Derek A. Newman, Roger M. Townsend. Newman & Newman. 505 Fifth Ave. S. Ste. 610. Seattle, WA 98104

And

Venkat Balasubramani, Balasubramani Law, 8426 40th Ave SW, Seattle, WA 98136,

by filing a copy of the same with the Clerk of the Court using the court's CM-ECF system. By the terms of their agreement and the rules of the court, they will be served with a copy of the same via the CM-ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Seattle, Washington,

DATED this 28th day of May 2007.

**FREEMAN LAW FIRM, INC.**

By:_s/ Spencer D. Freeman_____
Spencer Freeman
WSBA No. 25069
FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
Telephone: 253-383-4500
Facsimile: 253-383-4501
sfreeman@freemanlawfirm.org
Attorney for Plaintiffs Falcon Enterprises, Inc.
And Falcon, Foto, LLC

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO STAY DISCOVERY   - 13

FREEMAN LAW FIRM, INC.
2104 North 30th Street
Tacoma, WA 98403
(253) 383-4500 – (253) 383-4501 (fax)