The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FALCON ENTERPRISES, INC., a California corporation; and FALCON FOTO, LLC, a California company,<br><br>Plaintiffs,<br><br>v.<br><br>CENTURION LTD., a foreign corporation d/b/a PORN PROFIT; UNCAGED MARKETING, INC., an Ontario Canada corporation d/b/a GUERILLA TRAFFIC; BIZMEDIA, INC., a foreign corporation; and GEORGE DUANE DRANICHAK, an individual, and JOHN DOES 1-10,<br><br>Defendants. | NO. 07-CV-0065-RSL<br><br>**REPLY TO OPPOSITION TO MOTION TO SET ASIDE DEFAULT OF DEFENDANTS BIZMEDIA, INC. AND GEORGE DUANE DRANICHAK**<br><br>NOTE ON MOTION CALENDAR: JUNE 1, 2007 |

## I. INTRODUCTION

In their zeal to avoid having their claims decided on the merits, Plaintiffs Falcon Enterprises, Inc. and Falcon Foto, LLC (together, "Falcon" or "Plaintiffs") moved this Court to enter the defaults of Defendants George Duane Dranichak ("Mr. Dranichak") and Bizmedia, Inc. ("BizMedia") (together, the "Moving Defendants") on April 24, 2007, the first possible day permitted by Fed. R. Civ. P 55(c) (Dkt. ## 21, 24).  Having thus secured the Moving Defendants' defaults, Falcon now urges this Court to refuse to set aside those defaults and consider the Moving Defendants' meritorious defenses.  (Dkt. #51) In stating their position, Plaintiffs freely accuse the Moving Defendants of misleading the Court and misrepresenting the holdings of various cases.  Plaintiffs'

REPLY IN SUPPORT OF MOT. TO SET ASIDE DEFAULT [07-CV-0065-RSL] - 1

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

accusations are unfounded, and appear calculated to hide the proverbial forest behind a thicket of rhetorical trees.  Plaintiffs' protestations cannot change the fundamental reality: default judgments are generally disfavored; whenever it is reasonably possible, cases should be decided on their merits. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (citing Patapoff v. Vollstedt's Inc, 267 F.2d 863, 865 (9th Cir. 1959)) (emphasis added).  The court's discretion is especially broad where it is entry of default that is being set aside, rather than a default judgment. Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). The Moving Defendants more than satisfy each of the factors for setting aside a Fed. R. Civ. P 55(c) default order, and the defaults against the Moving Defendants should be set aside.

## II.  ARGUMENT

### A.     Plaintiffs Misstate the "Culpable Conduct" Standard

The core of Plaintiffs' opposition is their argument that a court need not consider the "meritorious defense" or "prejudice" prongs of the test if culpable conduct is shown. According to Plaintiffs, "conduct is culpable if the defendant has received actual or constructive notice of the filing of the action and fails to answer."  (Opp. at 3:12).   This is a misstatement of the law.

The Ninth Circuit defines "culpable conduct" narrowly.  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691 (9th Cir. 2001). In TCI, the Ninth Circuit relied heavily on the Supreme Court's broad definition of excusable neglect in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993) to find that even where a defendant had "receive[d] a pleading, read[] and underst[ood] it, and t[ook] no steps to meet the deadline for filing a responsive pleading," her conduct would not be considered culpable. Id. at 697. The court explained that to amount to culpable, a defendant's conduct must be "'willful, deliberate, or evidence of bad faith.'" Id. (quoting American Alliance Inc. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)).

In arguing against this recent and unequivocal statement of the law, Plaintiffs cite Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Neuman

Prods."). Neuman Prods. simply does not hold that "conduct is culpable if the defendant has received actual or constructive notice of the filing of the action and fails to answer," as Plaintiffs claim. Rather, the Neuman Prods. court noted that ". . .cases have held that the defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer" and on that basis held that "[i]t was not clearly erroneous for the district court to find that Albright's *intentional* failure to appear and to answer the complaint constituted culpable conduct." Id. (emphasis added). Plaintiffs have simply omitted the word "intentionally" from their citations, presumably because "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not . . . culpable or inexcusable." TCI, 244 F.3d at 698. Moving Defendants did not "intentionally" fail to appear and answer the Complaint; they sought and obtained counsel and appeared less than ten days late. (Dkt. ## 31, 36, 37). In keeping with the strong policy favoring determination of cases on their merits, the Defaults should therefore be set aside.

> **B.    Plaintiffs Misconstrue the Legal Standard to be Applied in Considering a Motion to Set Aside a Default**

Plaintiffs cite various cases suggesting that the three factors to be considered in a motion to set aside a default should be read in the disjunctive, rather than in the conjunctive. Plaintiffs would have this Court believe that the authority on this point is unequivocally in their favor, and that Moving Defendants' contrary position is based on misrepresentation. In fact, Moving Defendants' position is well-supported.

Plaintiffs cite Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984), on which Moving Defendants relied, for the proposition that "[i]f a default judgment is entered as the result of a defendant's culpable conduct, this Honorable Court need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside." (Opposition at 3:23-26). However, this is not the holding of Falk. The Falk court stated the factors in the conjunctive:

ASIDE DEFAULT [07-CV-0065-RSL] - 3

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> We agree with the Third Circuit that three factors should be evaluated in considering a motion to reopen a default judgment under Rule 60(b): (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, *and* (3) whether culpable conduct of the defendant led to the default.

Id. (emphasis added). The Falk court then considered all three factors. Id. at 463-464.

Other courts have noted that the factors should be read in the disjunctive but have applied them in a manner different than that urged by Plaintiffs:

> Courts have found that three factors are relevant when considering these grounds for relief from default judgment: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default. However, this is a disjunctive list and where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.

Quach v. Cross, 2004 U.S. Dist. LEXIS 28983 (C.D. Cal. 2004) (citations and internal quotations omitted). Quach thus suggests that a court need not consider whether the plaintiff will be prejudiced or whether culpable conduct of the defendant led to the default if, as here, the defendant has a meritorious defense. In any event, the court's discretion is especially broad when applied setting aside entry of default, rather than default judgment:

> Rule 55(c) of the Federal Rules of Civil Procedure governs both the vacating of an entry of default and relief from default judgment. It provides: "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Thus, a party seeking to have a default set aside prior to the entry of judgment must only show good cause. The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court.

Id. (citations and internal quotations omitted). Plaintiffs' suggestion that a court need find only one factor to deny a motion to set aside a default is inconsistent with the strong policy favoring resolution of cases on their merits, and the majority of courts examine all three factors in deciding how to exercise their discretion. *See, e.g.*, Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986); Falk v. Allen, 739 F.2d 461 (9th Cir. 1984); Gross v. Stereo Component Systems, Inc., 700 F.2d 120 (3d Cir. 1983); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982). In this case, all three

REPLY IN SUPPORT OF MOT. TO SET ASIDE DEFAULT [07-CV-0065-RSL] - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

factors militate in favor of setting aside the default, and the result is therefore the same whether the factors are read in the conjunctive or the disjunctive.

### C. Plaintiffs' Objections to Moving Defendants' Factual Assertions are Unfounded and Beside the Point

Plaintiffs argue that "what Moving Defendants utterly fail to explain is how Defendant Uncaged Marketing was able to obtain representation in such a timely manner that permitted it to avoid an entry of default, yet somehow [Dranichak] couldn't obtain personal representation at the same time." Plaintiffs' protestation is disingenuous, at best. First, it is surprising that Plaintiffs should hold up Uncaged Marketing as a model of timeliness, since Plaintiffs sought Uncaged Marketing's default. (Dkt. # 27).  Mr. Dranichak's appearance in this action was a mere five days after that of Uncaged Marketing. (Dkt. ## 37, 33).   Second, and more to the point, if Plaintiffs seriously contend that securing representation for multiple defendants is somehow easier than securing representation for a single defendant, Plaintiffs would be well advised to review their rules of professional conduct.  Concurrent representation of corporate entities and the officers and/or directors of such entities implicates complex questions of conflict and privilege, all of which must be communicated to the client(s).  In fact, Uncaged Marketing and Mr. Dranichak ultimately retained different counsel.  It should be self-evident that it is more difficult to find two law firms in a foreign country than to find one.

Plaintiffs' incredulity that Moving Defendants' counsel also represent defendant Centurion, Ltd. is similarly misplaced.  Indeed, it is unclear what Plaintiffs find surprising about this arrangement.  Plaintiffs are apparently shocked that undersigned counsel did not claim to represent the Moving Defendants prior to having been engaged by them.  Such a position is nonsensical.  As of the date Centurion filed its opposition to Plaintiffs' Motion for Entry of Default (Dkt. # 30), undersigned counsel did not represent the Moving Defendants.

Plaintiffs further assert that Moving Defendants "intentionally misstates [sic] Falcon's First Amended Complaint" ("FAC")" (Opp. at 2:9) because Moving Defendants pointed out that "Falcon admits that it issued a license to Bizmedia, Inc. authorizing the

REPLY IN SUPPORT OF MOT. TO SET ASIDE DEFAULT [07-CV-0065-RSL] - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  use of some of the images at issue in this case" but did not point out that Plaintiffs allege
2  that "[n]one of the Web sites for which license was issued are the Web sites that are the
3  subject of this lawsuit."  This is hardly a "misstatement of material fact," as Plaintiffs
4  claim: the scope of the license is *disputed*.  The existence of the license is *undisputed*.
5  The undisputed existence of the license is sufficient to demonstrate that the Moving
6  Defendants have a meritorious defense to Plaintiffs' claims:

> In considering whether a defendant has a meritorious defense, the Court must determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.  A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis.

11 Quach v. Cross, 2004 U.S. Dist. LEXIS 28983, 16-17 (C.D. Cal. 2004).  Here, the
12 undisputed existence of a license authorizing use of some of the images by defendants
13 Bizmedia, Inc. "raises a serious question regarding the propriety of a default judgment,"
14 and the Defaults should be set aside.

## III.  CONCLUSION

Vacating default orders is favored under the Civil Rules and Ninth Circuit precedent.  Plaintiffs' opposition relies on misstatements of the law and unfounded objections.  The Moving Defendants satisfy the good cause requirements of Rule 55: (1) they have potentially meritorious defenses; (2) Plaintiffs will not be prejudiced by vacating the default; and (3) Moving Defendants did not engage in "culpable" conduct.  This Court should therefore set aside the Defaults.

DATED this 1st day of June, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By:  _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants
GEORGE DUANE DRANICHAK and
BIZMEDIA, INC.

REPLY IN SUPPORT OF MOT. TO SET ASIDE DEFAULT [07-CV-0065-RSL] - 6

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800