UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FALCON ENTERPRISES, INC., *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CENTURION LTD., *et al.*, <br><br> Defendants. | No. C07-0065RSL <br><br> ORDER SETTING ASIDE DEFAULT |

This matter comes before the Court on the "Motion to Set Aside Default of Defendants Bizmedia, Inc. and George Dranichak." Dkt. # 40. Both defendants were served in Toronto, Canada on April 3, 2007. Default was entered against them on April 30, 2007. Dkt. # 34 and # 35. Two days later, on May 2, 2007, both defendants filed a notice of appearance. Dkt. # 36 and # 37. For the reasons discussed below, defendants' motion to set aside the defaults is granted.

Under Fed. R. Civ. P. 55(c), the Court may set aside a default for "good cause shown." In determining whether "good cause" exists, the Court considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the default judgment would prejudice plaintiffs. Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004). The party seeking to vacate the default bears the burden of

ORDER GRANTING MOTION
TO SET ASIDE DEFAULT - 1

demonstrating that these factors favor setting aside the default. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). The Court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir.1986) ("Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits").

**A.     Culpable Conduct**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Alan Neuman Prods. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). A defendant's knowing failure to answer in a timely fashion is not sufficient, on its own, to establish that such failure is "culpable." TCI Group, 244 F.3d at 698. The Ninth Circuit typically finds that a failure to answer is intentional only when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. Where a defendant "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process," courts typically do not view a failure to respond as intentional. Id. at 697-98. Here, defendants argue that their failure to file a responsive pleading in a timely fashion was due to the fact that they are located in Canada and that this, in turn, caused them delay in obtaining local counsel who could respond to the complaint. They also contend that the process of obtaining local counsel was complicated by the need to obtain different counsel for multiple corporate entities and officers. Given that both Dranichak and Bizmedia appeared in this action on May 2, 2007, just two days after the entry of default, the Court does not believe defendants' failure to respond in a timely fashion was intended to prejudice plaintiffs, interfere with judicial decisionmaking, or otherwise manipulate the legal process. As such, defendants' neglect was excusable.

ORDER GRANTING MOTION
TO SET ASIDE DEFAULT - 2

**B.   Meritorious Defense**

A defendant seeking to set aside a default must also "present specific facts that would constitute a defense." TCI Group, 244 F.3d at 700.  Defendants' burden, however, "is not extraordinarily heavy." Id.  The primary concern "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).  Defendants here have identified a number of potential defenses, including, (1) this Court's lack of personal jurisdiction; (2) the scope of the license granted to Bizmedia by plaintiffs; (3) a challenge to the validity of plaintiffs' copyrights; and (4) the absence of personal liability for Dranichak.  The Court concludes that defendants can put forward a meritorious defense.

**C.   Prejudice to Plaintiffs**

To be prejudicial, the setting aside of a default must hinder plaintiffs' ability to pursue their case. Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).  A mere delay in the resolution of the case does not constitute sufficient prejudice, on its own, to deny a motion to set aside a default. TCI Group, 244 F.3d at 701.  Here plaintiffs do not argue that they would be prejudiced if the Court were to set aside the default.  Nor could they.  Substantive discovery has yet to begin in the case and defendants filed their motion to set aside default less than two weeks after it was entered.  Further, even if the defaults against Bizmedia and Dranichak were not set aside, plaintiffs would continue to litigate their claims against the remaining defendants.

For the reasons discussed above, defendants' "Motion to Set Aside Default" is GRANTED.  The defaults entered on May 2, 2007 (Dkt. # 34 and # 35), are hereby VACATED.

DATED this 18th day of October, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
TO SET ASIDE DEFAULT - 3