1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

FALCON ENTERPRISES, INC., *et al.*,

           Plaintiffs,

       vs.

CENTURION LTD., *et al.*,

           Defendants.

No. C07-0065RSL

ORDER GRANTING DEFENDANT
CENTURION LTD.'S MOTION TO
DISMISS FOR LACK OF
PERSONAL JURISDICTION

15

16

17

18

19

20

21

22

23

24

      This matter comes before the Court on defendant Centurion Ltd.'s "Motion to Dismiss for Insufficiency of Service of Process Pursuant to Fed. R. Civ. P. 12(b)(5), Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2), and *Forum Non Conveniens*."  Dkt. # 8.  Plaintiffs filed their original complaint against Centurion on January 16, 2007.  A First Amended Complaint was filed a week later naming three additional defendants.  Centurion seeks dismissal of plaintiffs' claims because (1) service of the original complaint was insufficient; (2) the Court lacks personal jurisdiction over Centurion; and (3) trial in this forum would be oppressive and vexatious.  Centurion also seeks an award of attorney's fees under RCW 4.28.185(5).

## A.   Service of Process

25

26

27

      Plaintiffs attempted to serve Centurion with the original complaint and summons by delivering a copy to George Dranichak at a hotel in Las Vegas, Nevada.  Although Dranichak

28

ORDER GRANTING CENTURION'S
MOTION TO DISMISS - 1

1    is in some way related to Centurion, defendant denies that he is an officer, a managing or

2    general agent, or an authorized recipient of service of process for the company.  After

3    Centurion's motion to dismiss was fully briefed, plaintiffs served Centurion with a summons and

4    a copy of the First Amended Complaint at its office in Toronto, Canada, pursuant to Fed. R. Civ.

5    P. 4.  See Dkt. # 17.  Any defects in the original service are now moot and defendant has not

6    challenged the service of the First Amended Complaint.[1]

7    **B.    Personal Jurisdiction**

8            Plaintiffs have the burden of demonstrating that the Court may exercise personal

9    jurisdiction over defendant.  Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002).

10   Because the Court did not conduct an evidentiary hearing, plaintiff "need only make a prima

11   facie showing of jurisdiction . . . ."  Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.

12   1995).  In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted

13   allegations in the complaint as true.  AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588

14   (9th Cir. 1996).  "Conflicts between the parties over statements contained in affidavits must be

15   resolved in plaintiff's favor."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800

16   (9th Cir. 2004).

17           Although "[t]he district court's determination of a party's amenability to suit is

18   made by reference to the law of the state in which it sits" (Peterson v. Kennedy, 771 F.2d 1244,

19   1262 n.12 (9th Cir. 1985)), the Washington Supreme Court has held that Washington's long-arm

20   statute, RCW 4.28.185, "extends jurisdiction to the limit of federal due process."  Shute v.

21   Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).  Thus, the Court need determine only

22   whether the exercise of jurisdiction comports with federal constitutional requirements.  Chan v.

23   Society Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994).  Under this analysis, plaintiff

24   must show that defendant had "certain minimum contacts with [the forum] such that the

---

26   [1]  Centurion's motion to strike the testimony and affidavit of the original process server is
27   DENIED.

28   ORDER GRANTING CENTURION'S
     MOTION TO DISMISS - 2

maintenance of the suit does not offend traditional notions of fair play and substantial justice."
International Shoe Co v. State of Washington, Office of Unemployment Compensation and
Placement, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).  A defendant's contacts
with the forum state are reviewed using a three-part test, such that jurisdiction[2] exists where
(1) the nonresident defendant has done some act or consummated some transaction with the
forum or performed some act by which he purposefully availed himself of the privilege of
conducting activities in the forum, thereby invoking the benefits and protections of its laws,
(2) the claim arises out of or results from the defendant's forum-related activities, and (3) the
exercise of jurisdiction would be reasonable.  Omeluk v. Langsten Slip & Batbyggeri A/S, 52
F.3d 267, 270 (9th Cir. 1995) (citing Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d
1280, 1287 (9th Cir. 1977)).  The "purposeful availment" requirement ensures that a party has
sufficient contacts with the forum state to put him on notice that he could be haled into court
there: "random, fortuitous, or attenuated contacts" are not enough to satisfy the constitutional
requirements.  Ziegler, 64 F.3d at 473 (internal quotation marks omitted).

Plaintiffs allege that Centurion has displayed plaintiffs' copyrighted pictures on
the worldwide web and has illegally provided the images to third party "affiliates."  Plaintiffs
argue that jurisdiction is proper in Washington because individuals in Washington State viewed
or "documented" these pictures and because Centurion has on-going business relationships with
numerous Washington citizens.  Such activities may, given the right circumstances, constitute
purposeful availment.  See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)
(minimum contacts exist where defendant deliberately engages in significant activity within the
forum or creates continuing obligations between itself and forum residents).  Centurion contests
the factual and/or legal significance of each of plaintiffs' forum-related allegations, however,
and plaintiffs have not provided any admissible evidence in support thereof.

Plaintiffs allege only one publication of the copyrighted pictures to a Washington

---

[2] Plaintiff has not argued that general jurisdiction over defendant exists in this case.

ORDER GRANTING CENTURION'S
MOTION TO DISMISS - 3

citizen.  It appears that plaintiffs and their counsel have programmed a computer in Seattle to

search the web and download the copyrighted images as a means of "documenting"

infringements.  Because the focus of the jurisdictional analysis is the nature and scope of

defendant's contacts with the forum, it is not clear whether plaintiffs' unilateral investigative

actions should be counted against defendant.  Assuming, for purposes of this motion, that

plaintiff's viewing of the images does count in the jurisdictional analysis, it is hard to imagine

how this single incident (or even a handful of similar incidents) could be deemed "significant

activity within the forum."

       With regards to plaintiffs' allegations regarding defendant's on-going business

relationships in Washington, plaintiffs have been unable to identify any individuals within

Washington who have purchased a subscription package from Centurion or who have enrolled as

a Centurion "affiliate" other than Jeff Cully.  Cully's enrollment as a Centurion "affiliate"

occurred in March 2007, months after this litigation was filed.  Because the due process clause

requires that a person have fair warning that his conduct within the forum may subject him to

litigation there, such post-filing contacts cannot constitute purposeful availment and clearly do

not give rise to this case.  Johnson v. Woodcock, 444 F.3d 953, 955-56 (8th Cir. 2006)

("Minimum contacts must exist either at the time the cause of action arose, the time the suit was

filed, or within a reasonable period of time immediately prior to the filing of the lawsuit."); Steel

v. United States, 813 F.2d 1545, 1549 (9th Cir. 1987) (noting that "courts must examine the

defendant's contacts with the forum at the time of the events underlying the dispute when

determining whether they have jurisdiction").

       Having reviewed the memoranda, declarations, and exhibits submitted by the

parties and having resolved any actual conflicts in the evidence in plaintiffs' favor, the Court

finds that Centurion's posting of the copyrighted images on the worldwide web with only one

instance of viewing within the forum and no on-going subscription or affiliate relationships does

ORDER GRANTING CENTURION'S
MOTION TO DISMISS - 4

1    not constitute purposeful availment.[3]  Apparently recognizing that defendant's conduct in and

2    towards Washington was extremely limited, plaintiffs invoke the nationwide jurisdictional

3    analysis authorized by Fed. R. Civ. P. 4(k)(2).  Rule 4(k)(2) is designed to correct a "gap in the

4    enforcement of federal law" which arises when a foreign defendant has contacts with the United

5    States sufficient to justify the application of United States law but has insufficient contacts with

6    any one state to satisfy the long-arm statute or meet the requirements of the Fourteenth

7    Amendment.  Advisory Committee Notes to 1993 Amendments.  If (a) plaintiff's claim arises

8    under federal law, (b) defendant is beyond the jurisdictional reach of any state court of general

9    jurisdiction, and (c) defendant has sufficient minimum contacts with the United States as a

10   whole such that the maintenance of suit does not offend traditional notions of fair play and

11   substantial justice, jurisdiction over a foreign defendant is proper under Rule 4(k)(2).  Holland

12   Am. Line, Inc. v. Wärtsilä N. Am., Inc., 485 F.3d 450, 461 (9th Cir. 2007); Glencore Grain

13   Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1126 (9th Cir. 2002).

14          Plaintiffs' claims of copyright infringement under 17 U.S.C. § 501 *et seq*. satisfy

15   the first condition of Rule 4(k)(2).  It appears, however, that Centurion would be susceptible to

16   suit in other states, thereby negating the second condition.  Plaintiffs rely on a burden-shifting

17   framework adopted by the Ninth Circuit to argue that defendant, having failed to identify a state

18   in which it is willing to concede jurisdiction, should be forced to defend in Washington.  As

19   stated by the Ninth Circuit,

20          [a] defendant who wants to preclude use of Rule 4(k)(2) has only to name some
        other state in which the suit could proceed.  Naming a more appropriate state
21      would amount to a consent to personal jurisdiction there . . . .  If, however, the
        defendant contends that he cannot be sued in the forum state and refuses to
22      identify any other where suit is possible, then the federal court is entitled to use
        Rule 4(k)(2).  This procedure makes it unnecessary to traipse through the 50 states,
23      asking whether each could entertain the suit.

24

25   ───────────────

26      [3]  The conclusory and wholly unsupported statements contained in Jason Tucker's declarations
     regarding Centurion's "numerous" affiliates and paying members within Washington are inadmissible and
27   do not raise a conflict in the evidence.

28   ORDER GRANTING CENTURION'S
     MOTION TO DISMISS - 5

1   Holland Am. Line, 485 F.3d at 461 (quoting ISI Int'l, Inc. v. Borden Ladner Gervais LLP, 256

2   F.3d 548, 552 (7th Cir. 2001)).  The Court interprets the "is entitled to" language to mean what

3   its says, namely that the Court has the option to presume that nationwide service is appropriate if

4   defendant refuses to identify an alternative forum but that it is not required to do so.

5            Given the facts of this case, the Court declines to impose jurisdiction under Rule

6   4(k)(2).  It is apparent from the papers filed by the parties that there are, in fact, states in which

7   Centurion is subject to the personal jurisdiction of the courts.  For example, the courts of a state

8   in which Centurion maintains a server for posting the infringing images on the worldwide web

9   and/or where Centurion has contractually obligated itself to share the copyrighted images with

10  affiliates could exercise personal jurisdiction over defendant.  Illegal downloads/transfers can be

11  tracked, as the music industry daily shows, to identify the location of these significant events.

12  Rather than perform the pre-filing investigation necessary to generate adequate jurisdictional

13  allegations, plaintiffs filed suit in Washington based on unfounded assumptions, tried to

14  manufacture jurisdictional contacts in the state, and now seek to use Rule 4(k)(2) to wring a

15  jurisdictional waiver from Centurion.  The Court is not inclined to reward plaintiffs for such

16  practices and declines to remedy the shortcomings of its jurisdictional showing by using Rule

17  4(k)(2).

18           Although plaintiffs have requested permission to take jurisdictional discovery, they

19  have not identified any specific discovery that they are prepared to undertake.  When the Court

20  pointed out deficiencies in their initial submission and gave them an opportunity to supplement

21  the record, plaintiffs simply regurgitated conclusory statements without providing a foundation

22  or otherwise seeking to obtain the information requested by the Court.  Their request for

23  discovery is therefore DENIED.  Because it appears that this suit can be brought in other

24  jurisdictions, however, the dismissal will be without prejudice.

25  **C.    *Forum Non Conveniens***

26           Centurion also seeks dismissal of plaintiffs' claims on *forum non conveniens*

27

28  ORDER GRANTING CENTURION'S
    MOTION TO DISMISS - 6

grounds, arguing that Canada or The Netherlands would be a better forum to resolve the current dispute.  Given that plaintiffs' claims against Centurion will be dismissed for lack of personal jurisdiction, the Court need not determine whether this forum is "so oppressive and vexatious to the defendant 'as to be out of proportion to plaintiff's convenience.'"  Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1180 (9th Cir. 2006) (quoting Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000)).

          For the reasons discussed above, Centurion's motion to dismiss for lack of personal jurisdiction (Dkt. # 8) is GRANTED.  Plaintiffs' claims against Centurion are hereby DISMISSED without prejudice.  Defendants' request for attorney's fees is DENIED.

          DATED this 18th day of October, 2007.

                              _MWT S Lasnik_
                              Robert S. Lasnik
                              United States District Judge

ORDER GRANTING CENTURION'S
MOTION TO DISMISS - 7