UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FALCON ENTERPRISES, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CENTURION LTD., *et al.*,<br><br>　　　　　Defendants. | No. C07-0065RSL<br><br>ORDER GRANTING DEFENDANT UNCAGED MARKETING'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

　　　　This matter comes before the Court on defendant "Uncaged Marketing Inc.'s Motion to Dismiss." Dkt. # 44. Plaintiff alleges that Uncaged Marketing, d/b/a Guerilla Traffic, is somehow related to defendant Centurion Ltd. and uses the various web sites hosted by Centurion to display and transfer plaintiff's copyrighted images. Uncaged Marketing seeks dismissal of plaintiffs' claims because (1) the complaint fails to state a claim of direct or contributory copyright infringement; (2) the Court lacks personal jurisdiction over Uncaged Marketing; (3) this case should be resolved in Canada or The Netherlands; and (4) the state law claims are preempted by the Copyright Act.

　　　　Plaintiffs have the burden of demonstrating that the Court may exercise personal jurisdiction over defendant. Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Because the Court did not conduct an evidentiary hearing, plaintiff "need only make a prima facie showing of jurisdiction . . . ." Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir.

ORDER GRANTING UNCAGED
MARKETING'S MOTION TO DISMISS - 1

1995).  In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true.  AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).  "Conflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor."  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Plaintiffs invoke the nationwide jurisdictional analysis authorized by Fed. R. Civ. P. 4(k)(2).  For the reasons discussed in the Court's "Order Granting Defendant Centurion Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction," this is not the type of case in which plaintiffs should be relieved of the burden of presenting prima facie evidence supporting the exercise of jurisdiction by this Court.  Plaintiffs' claims against Uncaged Marketing mirror those against Centurion Ltd., and it appears that Centurion is susceptible to suit in other states, thereby negating the second condition of Rule 4(k)(2).

Because plaintiffs' claims against Uncaged Marketing will be dismissed for lack of personal jurisdiction, the Court need not determine whether defendant's other arguments also warrant dismissal.

Uncaged Marketing's motion to dismiss for lack of personal jurisdiction (Dkt. # 44) is GRANTED.  Plaintiffs' claims against Uncaged Marketing are hereby DISMISSED without prejudice.

DATED this 18th day of October, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING UNCAGED
MARKETING'S MOTION TO DISMISS - 2